UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HUNTWISE, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-3281** |
| **HIGDON MOTION DECOY SYSTEMS, INC.** | **SECTION: "C" (3)** |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction. (Rec. Doc. 5). Also before the Court is Plaintiff's Motion to Strike. (Rec. Doc. 41). Having considered the record, the memoranda of counsel and the law, the motions are denied for the following reasons.

## I. Background

Plaintiff holds several patents relating to spinning-wing duck decoys and alleges that Defendant's spinning-wing duck decoys infringe some of these patents. (Rec. Doc. 5-1 at 2-4). Plaintiff argues that it will likely prevail on the merits because, amongst other things, the infringement of its patents is obvious because Defendant's spinning-wing duck decoys bear a striking resemblance to its own decoys. *Id.* at 4. Moreover, Plaintiff argues that it has already obtained a preliminary injunction in a similar case in Colorado, which they suggest indicates that their patent is valid and that they are entitled to another preliminary injunction in this Court. *Id.* at 4-5. Since Plaintiff believes it would suffer irreparable price erosion and damage to its reputation in the absence of a preliminary injunction, they request this Court to issue a preliminary injunction enjoining Defendant from selling their spinning-wing duck decoys. *Id.* at 2.

Defendant responds by pointing out that the prior Colorado litigation did not involve them, nor did it address the validity of Plaintiff's patents and therefore does not support a conclusion that

Plaintiff will likely succeed against them at trial. (Rec. Doc. 37 at 5-6). Defendant also argues that its duck decoy resemble Plaintiff's decoys not because they copied Plaintiff's design, but rather because all duck decoys are designed to look like ducks. *Id.* at 15. Defendant further argues that Plaintiffs are estopped from claiming infringement of their patent because during the prosecution of Plaintiff's patents, they explicitly narrowed their claim in order to avoid prior art – including a patent for a duck decoy that Defendant believed it had validly purchased. *Id.* at 9-23. Defendant further alleges that Plaintiffs patents are void because they fail to define vague phrases like, "longitudinal axis", and because they are obvious combinations of prior art. *Id.* at 23-30. Finally, Defendant argues that Plaintiff has not shown that it will suffer irreparable harm in the absence of a preliminary injunction because it has only supplied conclusory statements regarding the possibility of such damage. *Id.* at 34-40.

## II.  Legal Standards and Analysis

*A. Motion for Preliminary Injunction*

Under Rule 65, a preliminary injunction or temporary restraining order is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008). Here, Plaintiffs have not sufficiently shown that they are entitled to the extraordinary relief sought.

While Plaintiff maintains that Defendant is obviously infringing its patents, Defendant has provided non-frivolous arguments that raise substantial questions as to the validity of Plaintiff's patents as well as to whether Plaintiff will be estopped from claiming infringement due to the

2

prosecution histories of its patents. Furthermore, this Court agrees with Defendant that the similar appearance of the parties' duck decoys is not very probative of infringement since all duck decoys must look like ducks. Finally, after reviewing the prior Colorado litigation it is clear that the validity of Plaintiff's patents was not adjudicated in that case, nor was that case sufficiently similar so as to suggest that Plaintiff will likely prevail on the merits in this Court. Since Plaintiff has not rebutted the Defendant's substantial arguments, it has not carried its burden of showing a substantial likelihood of success on the merits.

In addition, the Court finds that irreparable harm has not been show. While the injuries Plaintiff alleges could be considered irreparable, it has not provided sufficient evidence to establish the likelihood or extent of any such damages. For example, Plaintiff claims a risk of price erosion but provides no evidence to establish such a risk, while Defendant produces evidence that suggests its best-selling decoy is priced above the Plaintiff's decoys. (Rec. Doc. 37 at 37). Furthermore, Plaintiff claims that its reputation could be irreparably damaged by duck hunters who confuse Plaintiff's decoys with the inferior decoys of Defendant. (Rec. Doc. 5-1 at 17) However, Plaintiff provides no evidence that Defendant's decoys are inferior or that hunters are likely to confuse the two. Instead, Plaintiff supports its claim for damages with conclusory statements such as "a hunter seeing the poor performance of a second hunter's look-alike decoy may falsely attribute that poor performance to Huntwise, thus damaging Huntwise." *Id.* This evidence is insufficient to demonstrate the irreparable harm necessary to justify the issuance of an injunction.

This Order is directed only to the appropriateness of a preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by Plaintiff.

*B. Motion to Strike*

Federal Rule of Evidence 702 governs the admissibility of expert testimony and reports. It

3

states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Rule 702 was amended in 2000 to reflect the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The *Daubert* decision changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. In *Kumho Tire*, the Supreme Court held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147.

In *Daubert*, the Supreme Court created a two-prong test for trial judges to determine the admissibility of expert testimony. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Additionally, both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595. This analysis "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.*

Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Several factors which may be considered in determining the soundness of the scientific methodology include: (1)

4

whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id.* at 593-94. These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong, whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. *Daubert* described this examination as a question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.*, citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985). As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N.D.Tex. Nov. 15, 2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Here Plaintiff argues that Defendant's proposed expert Dr. Charles Garris, Jr. should not be accepted by this Court because he is not qualified to offer opinions on either the construction or validity of patents or on the construction of duck decoys and his testimony will not assist the trier of fact. (Rec. Doc. 35-1 at 1). Specifically, Plaintiff argues that because Dr. Garris is a patent agent, under 37 CFR 11.5 he is not permitted to render legal opinions on the infringement or invalidity of patents.

The Court finds these arguments without merit. Dr. Garris's opinion will assist the trier of fact because this case involves the construction of many technical patents, which are beyond the

scope of a lay person's knowledge or experience.  Moreover, Dr. Garris is a professor of mechanical engineering with over 30 years of experience, as well as a registered patent agent, therefore this Court finds him sufficiently qualified to discuss both patents and the construction of duck decoys. The Court notes that Dr. Garris has been accepted as an expert in federal courts in at least 18 reported cases and has never been excluded under a *Daubert* challenge.  (Rec. Doc. 43 at 2). Finally, the regulations cited by Plaintiff do not apply to the admissibility of experts in federal courts, since 37 CFR 11 is specifically limited to representations before the United States Patent and Trademark Office.

### III.  Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction is DENIED.  (Rec. Doc. 5).

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike is DENIED.  (Rec. Doc. 41).

New Orleans, Louisiana, this 13th day of December, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE